**UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WAYNE MCDERMOTT,

      Plaintiff,

v.                                                         Case No.:

NEW BRITAIN FINANCIAL, LLC,

      Defendant.

_____/

**COMPLAINT FOR VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for damages brought by Plaintiff, WAYNE MCDERMOTT, an

individual consumer against the Defendant, NEW BRITAIN FINANCIAL, LLC, for

violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692p, (hereinafter

referred to as "FDCPA") which prohibits collectors of debt from engaging in abusive,

deceptive, and unfair debt collection practices.

**JURISDICTION AND VENUE**

2. This is an action arising under the FDCPA, to obtain actual damages, statutory

damages, costs of the action, reasonable attorney's fees, and any other relief deemed just

for Defendant's violation of the FDCPA.

3. This Court has jurisdiction over this matter under 15 U.S.C. §1692l and venue is

proper under 15 U.S.C. §1692k(d). The conduct by Defendant complained of herein

occurred in Pasco County, Florida, and therefore jurisdiction properly falls under the Tampa Division pursuant to Local Rule 1.02.

## PARTIES

4.   Plaintiff, WAYNE MCDERMOTT, is a natural person residing in Port Richey, Pasco County, Florida (hereinafter referred to as "Plaintiff"). Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.   Defendant, NEW BRITAIN FINANCIAL, LLC, (hereinafter referred to as "Defendant") is a company registered in the State of Indiana and under the circumstances noted and identified below is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.   Defendant regularly uses the mail and telephone in a business of which one aspect and purpose is the collection of consumer debt.

7.   At all times material to the allegations of this complaint, Defendant was acting as a collector of a debt with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

8.   On or about January 25, 2016 and April 28, 2016 Plaintiff received invoices and/or statements from Defendant demanding payment from Plaintiff. Plaintiff also received numerous invoices and/or statements from Defendant demanding the same payment previous to January 25, 2016. The "merchant account" referenced by the statements is "HSBC BEST BUY", and the "I.D. number" referenced by the statements is "5268350003672271". Copies of the January 25, 2016 and April 28, 2016 statements are attached to this Complaint as Exhibit "A".

9.   At no point has Plaintiff owed an outstanding debt relating to the company Best Buy (or to "HSBC BEST BUY"), and the "I.D. number" provided is not a number that Plaintiff has any knowledge regarding. Plaintiff does not and has never owed the debt alleged to be owed by Plaintiff in the statement, and has not entered into a contractual obligation with any party to pay a debt as so referenced in the statements received by Plaintiff from Defendant.

10. Plaintiff has furthermore received multiple phone calls to his cellular phone, since he started receiving statements in the mail from Defendant, believed to be from employee(s) of Defendant demanding payment of the alleged outstanding debt. On multiple occasions the individuals calling Plaintiff have used obscene language, threatened physical harm, as well as threatening the service of legal process against Plaintiff if he does not pay the debt alleged to be owed by Plaintiff. To date Plaintiff has not received service of process for any legal action from Defendant.

11. Plaintiff is under belief that Defendant is not properly registered in the State of Florida as a consumer collection agency, as required by §559.553, Fla. St. Defendant meets the definition of a "consumer collection agency" under §559.55(3), Fla. St., as Defendant is a debt collector engaged in the business of collecting consumer debts.

12. Defendant's illegal abusive collection activity as more fully described above was the direct and proximate cause of emotional distress sustained by Plaintiff and has caused Plaintiff unnecessary distress.

13. Plaintiff has suffered actual damages in the form of fear, anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions, due to and as a result of the illegal collection activity by Defendant as more fully described above.

## RESPONDENT SUPERIOR LIABILITY

14. The acts and omissions of Defendant's agents who initiated the collection activity with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

15. The acts and omissions by these Defendant debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, these Defendant's debt collectors were motivated to benefit their principal, the Defendant.

17. Defendant is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state law by its collection employees, including but not limited to violation of the FDCPA, in their attempt to collect the debt identified herein.

## NOTICE OF ATTORNEY'S FEES AND COSTS

18. Plaintiff, by and through the undersigned attorney, files this Notice of Attorney's Fees and Costs, as Plaintiff would state: Plaintiff has retained the law firm of Kobal Law, P.A. in this matter and has agreed to compensate said law firm for such services. Plaintiff would request that Defendant be assessed his attorney's fees and costs in this matter pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 17.

20. The acts and omissions of Defendant and its employees and agents as outlined herein constitute a violation of the FDCPA with respect to Plaintiff.

21. The direct written contact in the form of invoices or statements, attached as Exhibit "A", as well as the phone calls received by Plaintiff, demanding payment by Defendant from Plaintiff constitutes a "communication" as defined by 15 U.S.C. §1692a(2).

22. Defendant and its employees and agents violated 15 U.S.C. §1692e(2)(A) by falsely representing that Plaintiff owes a debt that Plaintiff does not presently and has never owed that debt.

23. Defendant and its employees and agents violated 15 U.S.C. §1692f(1) by asserting attempting to collect a debt when that debt was not authorized by any agreement or allowed by any law.

24. Defendant and its employees and agents violated 15 U.S.C. §1692e(10) by using false representation, specifically by implying that Defendant is legally allowed to collect consumer debts in the State of Florida, in its attempts to collect the alleged debt from Plaintiff.

25. Defendant and its employees and agents violated 15 U.S.C. §1692e(5) by threatening to take legal action against Plaintiff that was not intended to be taken in its phone calls to Plaintiff.

26. Defendant its and employees and agents violated 15 U.S.C. §1692d(1) and §1692d(2), by threatening violence against Plaintiff and by the use of obscene and profane language in its phone calls to Plaintiff.

27. Defendant and its employees and agent's acts as described above, were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the Fair Debt Collection Practices Act and pursuant to 15 U.S.C. §1692k, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and legal costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

    E. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 23rd day of June, 2016.

/s/ *Jason R. Kobal*

JASON R. KOBAL, ESQ.
KOBAL LAW, P.A.
12169 W. Linebaugh Ave.
Tampa, FL 33626
813-873-2440
koballaw@yahoo.com
Florida Bar No.:  0542253
Attorney for Plaintiff